RECEIVED
IN LAKE CHARLES, LA.

DEC - 9 2009

TONY R. MOORE, CLERK
BY_____
            DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20059-07 |
| VS. | : | JUDGE MINALDI |
| LEONARD LYLE FONTENOT | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence [doc. 437] filed by the defendant, Leonard Lyle Fontenot ("Fontenot"). The motion has been opposed by the Government [doc. 444] and the defendant filed no reply.[1] This matter is fully briefed and ready for disposition.

In his motion, Fontenot argues that his life sentence is unconstitutional and he did not receive effective assistance of counsel.

### PROCEDURAL HISTORY

On December 16, 2004, Leonard Lyle Fontenot was charged along with seven other individuals in a multi-count indictment [doc. 61]. Fontenot was charged with conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack cocaine"), methylenedioxy amphetamine, and marijuana, in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 5), and forfeiture pursuant to 21 U.S.C. § 853 (Count 23).

---

[1] The defendant requested and was granted an extension of time until November 30, 2009, to file a reply, but no timely reply was filed.

On January 19, 2005, the United States filed an "Information of Prior Conviction" [doc. 140] pursuant to 21 U.S.C. § 851 asserting that Fontenot was subject to an enhanced mandatory life term of imprisonment by virtue of two prior felony drug convictions.

On March 5, 2007, the trial of Fontenot and one of his co-defendants, Anthony Burns, commenced. On the fourth day of trial, the jury returned guilty verdicts against Fontenot as to the two counts of the indictment in which he was charged (Counts 1 and 5).

On March 9, 2007, the United States filed a motion [doc. 336] requesting a hearing for the purpose of establishing Fontenot's two prior felony drug convictions, and, thus, his eligibility for the sentencing enhancement provided in 21 U.S.C. § 841(b)(1)(A), and requesting that the Court order the defendant to file a written "affirmation or denial" as to these two convictions. On March 19, 2007, the Court granted that motion, and on March 30, 2007, Fontenot filed a written statement asserting, *inter alia*, that the two prior convictions should only be counted as one [docs. 327, 329]. Accordingly, the Court issued an order [doc. 330] reflecting that Fontenot's opposition to an enhanced sentence would be heard on April 26, 2007.

On May 11, 2007, a Presentence Investigation Report issued. Using the November 1, 2006 version of the U.S. Sentencing Guidelines, the PSR recommended a total offense level of 32 [PSR at ¶¶ 17-28]. With regard to Fontenot's criminal history score, his numerous prior convictions resulted in 16 criminal history points, which correlated to Criminal History Category VI [PSR at ¶¶ 31-40]. Fontenot's total offense level of 32 and criminal history category of VI would have generally resulted in a recommended guideline range of 210-262 months imprisonment [PSR at ¶ 66]. The PSR noted, however, that because Fontenot was subject to mandatory term of imprisonment of life pursuant to 21 U.S.C. § 841(b)(1)(A) in light of his two prior felony drug convictions, his advisory

2

guideline range was also life imprisonment [PSR at ¶¶ 65-66].

On April 26, 2007, the Court conducted a hearing on the issue of whether Fontenot was subject to the § 841(b)(1)(A) enhancement. After receiving evidence, including certified copies of state court records regarding the convictions, and the testimony of the Assistant District Attorney who was present in court when Fontenot was convicted of those offenses, the Court ruled that the United States had met its burden of proving that Fontenot had the necessary predicate felony drug convictions [doc. 335].

On June 7, 2007, the Court sentenced Fontenot to life imprisonment on Counts 1 and 5, to be served concurrently [doc. 352]. On June 18, 2007, the Court indicated that the sentence was life imprisonment as to Count 1 and 240 months as to Count 5, to be served concurrently [doc. 358].

On October 22, 2008, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction and sentence. The Fifth Circuit acknowledged the defendant's concession that pursuant to *Apprendi* the defendant did not have a Sixth Amendment right to have a jury determine the facts of his prior drug convictions which formed the basis of the mandatory life sentence imposed as to Count One.

On March 2, 2009, the United States Supreme Court denied the defendant's petition for writ of certiorari.

On August 14, 2009, the defendant filed the instant motion which was styled as "Motion for Relief from Judgment pursuant to FRCP 60(b)." The Court issued an order [doc. 438] providing that unless the defendant indicated otherwise by withdrawing the motion, the motion would be considered a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The defendant has not requested that the motion be withdrawn.

3

## FACTS

This prosecution addressed the role played by Leonard Fontenot in a crack cocaine manufacturing and distribution conspiracy headed by Gregory Leday, which operation was based in and around Leday's automotive tint shop. Leday's shop was housed in the same building occupied by a body shop owned by Willie Pruitt, who was also a participant in the drug conspiracy. [PSR at ¶¶ 7, 9-10, 12].

Leday met Fontenot in 1998. [PSR at ¶ 10]. At the time, Leday was converting powder cocaine to crack himself, but was having problems doing so. [PSR at ¶ 10]. Fontenot agreed to "cook" crack cocaine for Leday, and on the first occasion, cooked four to six cookies for him. [PSR at ¶ 10]. Leday was pleased with the final product and began using Fontenot regularly to cook his crack cocaine. [PSR at ¶ 10]. Fontenot cooked the crack cocaine for Leday either at the body shop, Leday's house, or a mobile home Leday had rented. [PSR at ¶¶ 10-12]. On one occasion in the summer of 2003, Fontenot accompanied Leday to Houston when Leday purchased a kilogram of powder cocaine. [PSR at ¶ 10]. Fontenot used the money he made cooking cocaine to purchase his house and his business. [PSR at ¶ 13].

During the investigation, law enforcement officers executed a search warrant for an apartment where Leday had been staying and found crack, cocaine hydrochloride, Ecstasy and marijuana. [PSI at ¶ 8].

## LAW AND ANALYSIS

" 'Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned,

4

result in a complete miscarriage of justice.' "[2]

Fontenot avers that the life sentence was applied in his case in violation of the Sixth Amendment. This claim was raised and rejected on direct appeal. *United States v. Fontenot*, 297 App'x 370 (5th Cir. 2008). Consequently, that argument may not be reasserted in this § 2255 proceeding. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir.1994); *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir.1989).

Fontenot also argues ineffective assistance of counsel. Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial.[3] The burden that *Strickland* poses on a defendant is severe.[4]

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.[5] Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second guess legitimate strategic

---

[2]   *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992) (per curiam)).

[3]   *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993).

[4]   *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

[5]   *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S.Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987).

choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'"[6]

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."[7] Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine such confidence in the outcome.[8]

Fontenot argues that the since the conspiracy count charged him with a variety of substances and since the jury did not state specifically what substances they found him guilty of, he should have been sentenced on the basis of the substance with the lowest penalty.  If the jury renders a general verdict in a case in which the statute specifies different punishments that depend on how the statute was violated, a general verdict will expose the defendant only to the most lenient prescribed punishment. *United States v. Dale,* 178 F .3d 429, 432 (6th Cir.1999) (holding that "when the jury returns a general verdict to a charge that a conspiratorial agreement covered multiple drugs, the defendant must be sentenced as if he distributed only the drug carrying the lower penalty").

In *United States v. Green,* 180 F.3d 216 (5th Cir. 1999), however, the Fifth Circuit recognized that in a situation involving an ambiguous general verdict "for a conspiracy with more

---

[6]  *Id.* at 816 (quoting *Lockart v. McCotter,* 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987)).

[7]  *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067.

[8]  *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.

than one object offense, a sentence set by statute for one of those offenses should *not* be imposed if the jury did not find the defendant guilty of that object-offense." However, pursuant to *Green*, a general verdict is not considered ambiguous so as to prevent the court from imposing a sentence in excess of the statutory maximum for the least severe object-offense, if the court can find that the defendant had been convicted of a conspiracy involving the most severe object offense1) in light of the conjunctive language in the jury instructions and the indictment and 2) in light of the complete lack of evidence that the defendant participated in a conspiracy involving only the least severe object-offense. Green, 180 F.3d at 226-227.

In the case at bar, as noted by the Government, the factors described in *Green* are present. In Count One, the conspiracy count, the word "and" separates the different controlled substances. (Rec. Doc. 61). The jury instructions list the substances in the conjunctive and provide, in pertinent part, as follows:

> In this case, the defendants are charged with conspiring to possess with the intent to distribute cocaine base, cocaine, methylenedioxy amphetamine *and* marihuana.
> * * *
> For you to find either of the defendants guilty of Count 1, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
>> First: That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute a controlled substance;
>> * * *
>> Fourth: That the overall scope of the conspiracy involved fifty (50) grams or more of cocaine base or "crack" *or* five (5) kilograms or more of cocaine.
>> * * *
>> Cocaine, cocaine base or "crack", marihuana *and* methylene dioxyamphetamine are controlled substances [doc. 323].

The evidence introduced at trial was clear that Fontenot participated in a conspiracy involving

crack cocaine, not the least severe object-offense.   The petitioner's claim affords him no right to relief because it has no factual support. The jury specifically found him guilty of conspiracy to possess with intent to distribute over fifty (50) grams of cocaine base, over five hundred (500) grams of cocaine, methlenedioxy *and* marihuana [doc. 324](emphasis added).  Any claim that he is entitled to a lower sentence because the jury returned a general verdict therefore fails.

The petitioner's ineffective assistance of counsel claim is premised on his lawyer's failure to advance this argument at trial, sentencing and on appeal.   The case cited by the defendant, *United States v. Bounds*, 985 F.2d 188, 194-195 (5th Cir. 1993), is no longer controlling and was rejected by the United States Supreme Court in *Edwards v. United States*, 523 U.S. 511 (1998).

Because there was no valid basis to challenge the sentence based on the jury's verdict, the petitioner's attorney's performance cannot be considered deficient under *Strickland v. Washington*, 466 U.S. 668 (1984), for his failure or refusal to mount such a challenge. *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir.1999) (holding that "there can be no constitutional deficiency in appellate counsel's failure to raise meritless issues").

Assuming *arguendo* that Fontenot could show that counsel performed deficiently under *Strickland* by effectively denying him  his right to testify, he must still establish that the deficient performance prejudiced his defense.[9]  Fontenot  has not succeeded in making this showing.[10]

Accordingly, neither the petitioner's Fifth Amendment nor his Sixth Amendment rights were

---

[9]      *Mullins,* 315 F.3d at 456.

[10]     *U.S. v. Araujo,* 77 Fed.Appx. 276, 278, 2003 WL 22316865, 1 (5th Cir., 2003).

violated. The §2255 motion will be denied.

Lake Charles, Louisiana, this ___ day of December, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE