UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:04-CR-20059-07** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LEONARD LYLE FONTENOT (07)** | **MAGISTRATE JUDGE KAY** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA"), filed by pro se Defendant, Leonard Lyle Fontenot, whereby Defendant moves the Court to reduce his sentence of incarceration to time served. [Doc. No. 519]. The government has filed a response, wherein it agrees Defendant is eligible for a reduced sentence and asks that the Court "determine relief in accordance with the sentencing factors set forth in 18 U.S.C. § 3553(a)." [Doc. No. 526 at 3]. For the reasons that follow, the motion is GRANTED, and Defendant's total term of incarceration is REDUCED to TIME SERVED.

### I.
#### BACKGROUND

On December 16, 2004, Fontenot and seven other persons were charged in a Superseding Indictment with various narcotics offenses. [Doc. No. 61]. Specifically, Fontenot was charged in Count 1 with Conspiracy to Possess with Intent to Distribute over fifty grams of cocaine base (crack), over five kilograms of cocaine, and unspecified amounts of methylenedioxy amphetamine (ecstasy) and marijuana, in violation of 21 U.S.C. § 841(a)(1) and 846. He was charged in Count 5 with Possession with Intent to Distribute an unspecified amount of cocaine in violation of 21

U.S.C. § 841(a).[1] On January 19, 2005, the government filed a notice of prior felony drug convictions pursuant to 21 U.S.C. § 851, thereby exposing Defendant to a mandatory term of life in prison if convicted on Count 1. [Doc. No. 140, *see also* Doc. No. 335]. On March 8, 2007, Defendant was convicted by a jury of Counts 1 and 5. [Doc. No. 324]. Specifically, the jury found the conspiracy involved fifty grams or more of cocaine base and 500 grams or more of cocaine. *Id.* On June 7, 2007, the Court imposed the statutorily mandated sentence of life on Count 1 and 240 months on Count 5, to run concurrently.[2] [Doc. No. 358]. The Court additionally imposed a six-year term of supervised release on Count 5. *Id.* On November 19, 2008, the judgment was affirmed by the Fifth Circuit. [Doc. No. 415]. On January 17, 2017, President Obama commuted Defendant's total term of imprisonment to 240 months incarceration, "leaving intact and in effect . . . the term of supervised release imposed by the court with all its conditions and all other components of . . . [the] sentence" [Doc. No. 508 at 2]. Defendant now moves the Court to reduce his sentence of incarceration to time served, pursuant to the First Step Act of 2018. [Doc. No. 519].

The Court finds Fontenot meets all requirements for eligibility under section 404 of the FSA: Fontenot was convicted of violating a statute whose penalties were modified by Section 2 of the Fair Sentencing Act, his violation occurred before August 3, 2010, and he has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." In determining whether to exercise its discretion and reduce Fontenot's term of imprisonment, the Court has considered the statutory range, the applicable sentencing guidelines

---

[1] Fontenot was additionally named in Count 23, which was a forfeiture count. On October 12, 2007, the Court granted the government's motion to dismiss the forfeiture count. [Doc. No. 392].

[2] At the sentencing hearing, the Court indicated that a sentence of life was overly harsh but stated that such a sentence was required by the governing statute. [Doc. No. 497 at 3-4].

range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. United States v. Jackson*, 945 F.3d 315, 321-22 (5th Cir. 2019); *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[3] Fontentot was originally subject to a statutory sentencing range of life in prison for Count 1 due to his prior felony drug convictions. Under the First Step Act, his statutory sentencing range is now ten years to life on Count 1. Fontenot's revised guideline range is 168 to 210 months imprisonment. As of this date, Fontenot has served almost 183 months, without credit for good conduct time. He is 47 years old. The Court has additionally reviewed the underlying record, including but not limited to, the Superseding Indictment [Doc. No. 61], Notice of Prior Conviction [Doc. No. 140; *see also* Doc. No. 335], Jury Verdict [Doc. No. 324], transcript of the sentencing hearing and Judgment [Doc. Nos. 357, 358 and 497], Judgment on Appeal [Doc. No. 415], Executive Grant of Clemency [Doc. No. 508], Presentence Report, the briefing submitted in connection with this motion [Doc. Nos. 519, 525 and 526], Defendant's Reentry Plan/Progress Report [Doc. No. 519-3], the Retroactivity Report [Doc. No. 526-1], and Defendant's Bureau of Prisons' Disciplinary Report [Doc. No. 526-2].

After a review of the foregoing materials, consideration of the § 3553(a) factors, including the history and characteristics of Mr. Fontenot, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to time served is sufficient but not greater than necessary to comply with the

---

[3] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited March 9, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

purposes of sentencing. Such a sentence is a substantial prison term, commensurate with the crimes Fontenot committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. No. 519] is GRANTED, and the Court will issue an amended judgment reducing Defendant's total term of incarceration to TIME SERVED, effective April 20, 2020. Except as modified in this paragraph, all other provisions of the Judgment imposed on June 7, 2007 [Doc. Nos. 357, 358] REMAIN in effect.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE